UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF ENERGY *et al.*, <br><br> *Defendants*. | Case No. 25-cv-10912 |

## MOTION FOR A TEMPORARY RESTRAINING ORDER

This suit challenges a flagrantly unlawful action by the U.S. Department of Energy ("DOE") that, if permitted to stand, will devastate scientific research at America's universities. On April 11, 2025, DOE—with no prior notice—announced a new "policy" (the "Rate Cap Policy") that implements a 15% cap on "indirect costs" for all existing and future grants for institutions of higher education and states that "the Department is undertaking action to terminate all grant awards to [institutions of higher education] that do not conform with this updated policy."[1] The Rate Cap Policy is clearly unlawful: It violates the governing regulations and the reasoned-decisionmaking requirements of the Administrative Procedure Act, as well as the statutes authorizing DOE to make grants. If not enjoined, the Rate Cap Policy will result in immediate and irreversible harm, starting as soon as today, to the Plaintiffs here: the Association of American Universities ("AAU"), the American Council on Education ("ACE"), the Association of Public

---

[1] *See* Policy Flash, *Adjusting Department of Energy Grant Policy for Institutions of Higher Education (IHE)* (April 11, 2025), available at https://www.energy.gov/articles/department-energy-overhauls-policy-college-and-university-research-saving-405-million.

and Land-Grant Universities ("APLU"), and several individual universities.

Plaintiffs respectfully move the Court, pursuant to Fed. R. Civ. P. 65(b), to enter a temporary restraining order against DOE and Secretary of DOE Chris Wright (collectively, "Defendants"), prohibiting Defendants, their agents, and anyone acting in concert or participation with Defendants from implementing, instituting, maintaining, or giving effect to the Rate Cap Policy in any form; from otherwise modifying negotiated indirect cost rates except as permitted by statute and by the regulations of the Office of Management and the Budget; and from terminating any grants pursuant to the Rate Cap Policy or based on a grantee's refusal to accept an indirect cost rate less than their negotiated rate.

Plaintiffs further request that within 24 hours of entry of the temporary restraining order, Defendants provide written notice of the order to all funding recipients affected by the Rate Cap Policy and that, further, they notify the Court that they have done so within 48 hours of the order.

As set forth in the accompanying memorandum, Plaintiffs have established a strong likelihood of success on the merits of their claims; that they will suffer irreparable harm absent relief; and that the balance of equities and the public interest weigh strongly in favor of a temporary restraining order.

Dated: April 14, 2025                             Respectfully submitted,

| | |
|---|---|
| JENNER & BLOCK LLP | CLEMENT & MURPHY, PLLC |
| By: */s/ Shoba Pillay* | By: */s/ Paul D. Clement* |
| Shoba Pillay, BBO No. 659739<br>353 N Clark Street<br>Chicago, IL 60654<br>Tel: (312) 222-9350<br>SPillay@jenner.com | Paul D. Clement (*pro hac vice forthcoming*)<br>James Y. Xi (*pro hac vice forthcoming*)<br>Kyle R. Eiswald (*pro hac vice forthcoming*)<br>706 Duke Street<br>Alexandria, VA 22314<br>Tel: (202) 742-8900<br>paul.clement@clementmurphy.com |
| Ishan K. Bhabha (*pro hac vice forthcoming*)<br>Lindsay C. Harrison (*pro hac vice forthcoming*)<br>Lauren J. Hartz (*pro hac vice forthcoming*)<br>Anjali Motgi (*pro hac vice forthcoming*)<br>Zachary C. Schauf (*pro hac vice forthcoming*)<br>1099 New York Avenue, NW<br>Suite 900<br>Washington, DC 20001<br>Tel: (202) 639-6000<br>IBhabha@jenner.com<br>LHarrison@jenner.com<br>LHartz@jenner.com<br>Amotgi@jenner.com<br>ZSchauf@jenner.com<br>*Attorneys for All Plaintiffs* | james.xi@clementmurphy.com<br>kyle.eiswald@clementmurphy.com<br>*Attorneys for Association of American Universities, Association of Public and Land-grant Universities, and American Council on Education* |

**CERTIFICATE OF SERVICE**

Counsel for Plaintiffs certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiffs hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Shoba Pillay
Shoba Pillay, BBO No. 659739
Jenner & Block LLP
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Dated:  April 14, 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a) and Federal Rule of Civil Procedure 65(a)(1), counsel for Plaintiffs certify that they have contacted the following individuals at the U.S. Department of Justice by electronic mail to provide notice of this motion:

Eric J. Hamilton
Deputy Assistant Attorney General, Federal Programs Branch
eric.hamilton@usdoj.gov

Alex Haas
Co-Director, Federal Programs Branch
alex.haas@usdoj.gov

Diane Kelleher
Co-Director, Federal Programs Branch
diane.kelleher@usdoj.gov

John Griffiths
Co-Director, Federal Programs Branch
john.griffiths@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

As of the time of filing, Defendants have not responded.

/s/ Shoba Pillay
Shoba Pillay, BBO No. 659739
Jenner & Block LLP
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Dated:  April 14, 2025