UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*,

    *Plaintiffs*,

v.

DEPARTMENT OF ENERGY *et al.*,

    *Defendants*.

Case No. 25-cv-10912

## NOTICE

Plaintiffs provide this update on recent developments that underscore the need for prompt action on Plaintiffs' Motion for a Temporary Restraining Order. Yesterday at 9:40 am, Plaintiffs filed a complaint challenging a new policy of the Department of Energy (DOE), issued on Friday, April 11, 2025, at close of business, that unlawfully caps the indirect cost rate for DOE grants at 15% ("the Rate Cap Policy"). ECF No. 1. Shortly thereafter, Plaintiffs filed a Motion for a Temporary Restraining Order. ECF Nos. 3, 19. That motion explained, in part, that relief was urgently needed because the policy stated that "the Department *is undertaking* action to terminate all grant awards to IHEs that do not conform with this updated policy," ECF No. 2, and thus could, at any time, begin implementing its policy by putting universities to an unlawful choice: either accept reductions in indirect cost rates, or face terminations, ECF No. 19 at 5.

In the wake of Plaintiffs' filing, and in the absence of action on Plaintiffs' motion, Defendants are proceeding with their implementation of this unlawful policy. At 10:23 pm last night, Plaintiff Cornell University ("Cornell") received a letter stating that "[p]ursuant to the Department's policy memorandum dated April 11, 2025," DOE was "conditionally terminating [Cornell's DOE] grant award[s], effective thirty (30) days from the date of th[e] notice"—but that

1

this termination would become effective only if Cornell declined to "agree[] … to an updated indirect cost rate of 15 percent for each of your awards." Declaration of Kavita Bala ("Cornell Supp. Decl.") ¶ 3 & Ex. A. The letter indicates that it was digitally signed yesterday at 4:28 pm. Plaintiff Michigan State University ("MSU") received an identical letter yesterday at 6:00 pm, also stating that it was digitally signed yesterday at 4:28 pm. *See* Declaration of Douglas Gage ("MSU Supp. Decl.") ¶ 3. Plaintiff Massachusetts Institute of Technology ("MIT") received this same letter (with the same digital signature timestamp) at 8:41 pm yesterday, identifying 86 DOE grants affected by the new policy. At the time of filing this memorandum, Plaintiffs are aware of similar letters directed to over 30 universities that are either Plaintiffs here or are members of Plaintiffs Association of American Universities ("AAU"), Association of Public and Land-Grant Universities ("APLU"), and American Council on Education ("ACE").

These letters underscore the need for a prompt ruling on Plaintiffs' motion. Via these letters, Defendants are continuing—indeed, accelerating—their implementation of the unlawful Rate Cap Policy, apparently attempting to send out as many letters as possible before this Court acts. Right now, these letters are putting Plaintiffs and their members to an unlawful choice between accepting a 15% indirect cost rate or accepting termination. And right now, the effects of these letters are reverberating across America's universities.

If this Court does not intercede to prevent Defendants from enforcing this 15%-or-terminate policy, universities will have to promptly take steps to consider cutting the many functions and personnel that will be unsustainable to carry at that unlawful rate. *See* Cornell Supp. Decl. ¶¶ 7-9. Staff and researchers whose jobs and funding are tied to the grants noticed for termination will be in limbo. Research projects will face uncertainty about the continued scope of their work and their ability to maintain sensitive and highly specialized equipment. And Cornell

and other Plaintiffs who have received these notices now know that decisions will need to be made about these cost-cutting measures within thirty days—potentially well in advance of thirty days—and that they will need to be made regardless of which "option" the institution chooses. *See id.* ¶ 8; ¶ 6 (noting that Cornell will either lose $5.5 million in coverage of indirect costs or $26 million in unspent funds from existing DOE awards). MSU, for instance, conservatively estimates that it may need to lay off as many as 70 individuals as a result of this policy—and that it will need to start making decisions this week. *See* MSU Supp. Decl. ¶ 6. Because many of the cost-cutting measures are difficult, if not impossible, to reverse, *see* Cornell Supp. Decl. ¶ 8, it is imperative that this Court take action now.

In short, the government is brazenly attempting to change the facts on the ground before the Court can rule on Plaintiffs' Motion for a Temporary Restraining Order, and the only way to avoid these harms is via the relief that another court in this District entered against a near-identical policy to prevent its enforcement. *Massachusetts v. Nat'l Institutes of Health*, No. 25-CV-10338, 2025 WL 702163, at *1 (D. Mass. Mar. 5, 2025) (finding that the "imminent risk of halting" Plaintiffs' research activities dependent on government funding, and thus "disrupting the development of innovative . . . research" and causing the "shuttering of research facilities," "warranted the issuance of a nationwide temporary restraining order").

Plaintiffs respectfully request that the Court grant their Motion for a Temporary Restraining Order.

Dated: April 15, 2025

JENNER & BLOCK LLP

By: */s/ Lindsay C. Harrison*

Lindsay C. Harrison
Ishan K. Bhabha
Lauren J. Hartz
Anjali Motgi
Zachary C. Schauf
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com
IBhabha@jenner.com
LHartz@jenner.com
AMotgi@jenner.com
ZSchauf@jenner.com

Shoba Pillay, Ill. Bar No. 6295353
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

*Attorneys for All Plaintiffs*

Respectfully submitted,

CLEMENT & MURPHY, PLLC

By: */s/ Paul D. Clement*

Paul D. Clement (*pro hac vice forthcoming*)
James Y. Xi (*pro hac vice forthcoming*)
Kyle R. Eiswald (*pro hac vice forthcoming*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com
james.xi@clementmurphy.com
kyle.eiswald@clementmurphy.com
*Attorneys for Association of American Universities, Association of Public and Land-grant Universities, and American Council on Education*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of April, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

    /s/ *Lindsay C. Harrison*
Lindsay C. Harrison
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com