IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF ENERGY, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-10912-ADB |

**UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendants respectfully request that the Court enter final judgment based on the reasoning in its May 15, 2025, Memorandum and Order on Plaintiffs' motion for preliminary injunction, Doc. No. 62, without prejudice to Defendants' right to appeal from the resulting final judgment.[1] Defendants respectfully disagree with the conclusions set forth in the Memorandum and Order, including as to jurisdiction, the merits, and scope of relief. However, conversion to final judgment is appropriate because no outstanding factual or legal issues remain for disposition by this Court; no party will suffer any prejudice; and entering a final judgment would facilitate prompt and efficient review by the United States Court of Appeals for the First Circuit on Defendants' appeal, which right they expressly reserve. This Court has previously stated its view that the remedy in this case should be vacatur. In support of this motion, and without any party waiving any argument on appeal, Defendants state as follows:

---

[1] Defendants have represented to Plaintiffs that, if this Motion is granted, Defendants will not seek a stay pending appeal.

1

## BACKGROUND

1. On April 14, 2025, Plaintiffs filed a complaint seeking injunctive and declaratory relief, alleging that Policy Flash 2025-22: Adjusting Department of Energy Grant Policy for Institutions of Higher Education issued by the Department of Energy on April 11, 2025 ("Policy Flash 2025-22")[2] violates the Administrative Procedure Act ("APA") because it exceeds statutory authority and is arbitrary and capricious.

2. Plaintiffs immediately filed a Motion for a Temporary Restraining Order.  Doc. No. 3.  Two days later, the Court issued the requested *ex parte* temporary restraining order ("TRO"), ordered Defendants to provide notice of the TRO order to funding recipients affected by Policy Flash 2025-22 within 24 hours, and set a briefing schedule and hearing on Plaintiffs' motion.  Doc. No. 34.

3. In accordance with the court-ordered schedule, Defendants submitted a brief in opposition to the motion on April 22, and Plaintiffs submitted a reply on April 25.  On April 28, 2025, the Court held a hearing on the TRO motion.

4. On May 15, 2025, in a 49-page opinion, the Court granted Plaintiffs' motion for preliminary injunctive relief.  Doc. No. 62.  In doing so, the Court rejected Defendants' contention that this Court lacks jurisdiction because, under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims is the only forum that may entertain Plaintiffs' claims. After concluding that Plaintiffs had shown the four elements necessary to obtain a preliminary injunction, the Court enjoined "Defendants and their officers, employees, servants, agents, appointees, and successors . . . from implementing, instituting, maintaining, or giving effect to

---

[2] *See* Decl. of Berta Schreiber, Exh. A, Doc. No. 48-1.

[Policy Flash 2025-22] in any form with respect to IHEs nationwide until a further order is issued by this Court." *Id.* at 48–49.

## ARGUMENT

Defendants ask that the Court enter final judgment based on the reasoning in its May 15, 2025, Memorandum and Order on Plaintiffs' motion for preliminary injunction, Doc. No. 62, with the final judgment vacating Policy Flash 2025-22 and declaring it unlawful.[3] Under Federal Rule of Civil Procedure 65(a)(2), "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." This rule is intended to avoid "[r]epetition of evidence" and to "expedite the final disposition of the action." Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment.

Pursuant to the rule, a district court can convert a preliminary injunction order into final judgment on the merits on the motion of one or more parties. *See, e.g.*, *L.M. v. Town of Middleborough, Mass.*, 103 F.4th 854, 866 (1st Cir. 2024) (reviewing final judgment resulting from parties' joint motion to convert preliminary injunction); *Fla. Retail Fed'n, Inc. v. Att'y Gen. of Fla.*, 576 F. Supp. 2d 1301, 1302–03 (N.D. Fla. 2008) (entry of final judgment on parties' motion to convert preliminary injunction order "is, in effect, a consolidation of the merits with the preliminary injunction hearing, as expressly authorized by Federal Rule of Civil Procedure 65"). When doing so, the court need not enter a permanent injunction but should order the appropriate final remedy. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 894 F. Supp. 2d 642, 664

---

[3] The Court's Memorandum and Order issued the preliminary injunction based on Counts I, IV, and VI of Plaintiffs' complaint. *See* Doc. No. 62 at 38. This motion accordingly requests that the preliminary injunction be converted to final judgment on the merits of those counts only, dismissing without prejudice the remaining counts of Plaintiffs' complaint.

3

(W.D. Pa. 2012), *aff'd*, 549 F. App'x 93 (3d Cir. 2013) (declining to issue permanent injunction on conversion of preliminary injunction to final judgment where "declaratory relief provide[d] an adequate remedy" and a permanent injunction was "unnecessary"); *see also, e.g.*, *Morris v. District of Columbia*, 38 F. Supp. 3d 57, 68 (D.D.C. 2014) (ordering remand to hearing officer on conversion of motion for preliminary injunction to final judgment). Notwithstanding the government's argument that nationwide relief is inappropriate, this Court previously concluded that the appropriate remedy in this case is one that would apply universally rather than solely to the parties. *See* Doc. No. 62 at 47 (stating that "[t]he normal remedy for a successful APA challenge is vacatur of the rule and its applicability to all who would have been subject to it.") (citation omitted).

## I.  Conversion to Final Judgment on the Merits is Appropriate

Conversion of the Court's May 15, 2025, Memorandum and Order into an order entering final judgment on the merits is appropriate here for four reasons. *First*, because no additional facts need to be considered, additional proceedings would simply be repetitive. The Department of Energy ("DOE") presented the entirety of the record it relies on as the basis for Policy Flash 2025-22 in briefing on the preliminary injunction, and the Court has already considered that record in the May 15, 2025 Memorandum and Order. Defendants will submit no further record or evidentiary submissions, and no further record or evidentiary submissions are necessary, making final judgment appropriate. *See Crosspoint Church v. Makin*, No. 1:23-CV-00146-JAW, 2024 WL 2830931, at *4 (D. Me. June 4, 2024) (converting denial of preliminary injunction into denial of permanent injunction, reasoning "there are no material factual disputes" and "an evidentiary hearing is unnecessary").

*Second*, no additional legal issues need to be considered.  The Court's Memorandum and Order determined the likelihood of Plaintiffs' success on the merits of their claims as the first step in the preliminary injunction analysis.  *See* Doc. No. 62 at 19–38.  The Court therefore can reach a decision on the merits by "adopt[ing] and restat[ing] … the legal conclusions contained in" the Memorandum and Order, and enter final judgment for Plaintiffs.[4]  *See, e.g.*, *Crosspoint*, No. 1:23-CV-00146-JAW, 2024 WL 2830931, at *4.

*Third*, as Plaintiffs do not oppose this motion, no party will suffer any prejudice by entry of final judgment in accordance with this motion.

*Finally*, this case presents dispositive legal issues that Defendants intend to address on appeal to the First Circuit, and entering judgment would serve judicial efficiency and avoid unnecessary expenditures of party resources.  *See* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For these reasons, Defendants ask the Court to enter final judgment based on its treatment of Plaintiffs' claims in the May 15, 2025, Memorandum and Order.

## II. Under the Logic of this Court's Prior Order, the Proper Remedy is Vacatur and a Declaratory Judgment.[5]

In doing so, the Court should declare unlawful and vacate Policy Flash 2025-22 without a permanent injunction.  "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).  A permanent injunction should not issue in an APA case unless it would "have [a]

---

[4] Similarly, the Court needs no additional facts to decide whether it has jurisdiction to hear Plaintiffs' claims.

[5] The Parties conferred pursuant to Local Rule 7.1 and agree that vacatur and a declaratory judgment is appropriate under this Court's logic.

5

meaningful practical effect independent of" other relief. *Id.* An injunction would have no such effect here, where an order declaring unlawful and vacating the Policy Flash would resolve the parties' dispute and prevent Plaintiffs' claimed injuries. *See Victims Rts. L. Ctr. v. Cardona*, Civil Action No. 20-cv-11104-WGY, 2021 WL 3516475, at *1 (D. Mass. Aug. 10, 2021) (explaining that the normal remedy for an APA violation is vacatur).

Here, all of Plaintiffs' alleged harms flow from Policy Flash 2025-22, making a permanent injunction unnecessary and unwarranted. Once Policy Flash 2025-22 is determined to be invalid, the harms dissipate. And this Court previously concluded that "[t]he normal remedy for a successful APA challenge is vacatur of the rule and its applicability to all who would have been subject to it." Doc. No. 62 at 46–47 (citations omitted). Under this Court's logic, then, it should declare unlawful and vacate the Policy Flash. *See Behring Reg'l Ctr. LLC v. Wolf*, 544 F. Supp. 3d 937, 950 (N.D. Cal. 2021) (rejecting request for permanent injunction, vacating rule, and remanding to agency on conversion from preliminary injunction to final judgment); *Ass'n of American Universities v. National Science Foundation et al.*, Civil Action No. 25-cv-11231-IT, 2025 WL 1725857, at *24 (D. Mass. Jun. 20, 2025) (rejecting request for permanent injunction and instead declaring unlawful and vacating challenged rule). In moving for entry of this relief, the government does not concede that the nature or scope of relief is appropriate, but instead simply intends to reflect this Court's prior determinations.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to grant this motion and issue final judgment consistent with the attached proposed judgment, while reserving its right to appeal.

| | |
|---|---|
| Dated: June 27, 2025 | Respectfully submitted:<br><br>LEAH B. FOLEY<br>United States Attorney<br><br>BRIAN C. LEA<br>Deputy Associate Attorney General |
| By: | */s/ Nicole M. O'Connor*<br>Nicole M. O'Connor<br>Assistant United States Attorney<br>United States Attorney's Office<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3112<br>nicole.o'connor@usdoj.gov<br><br>*Attorneys for Defendants* |

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I hereby certify that I conferred with counsel for Plaintiffs prior to filing this Motion and that counsel for Plaintiffs indicated that Plaintiffs assent to the relief requested herein. Plaintiffs note that, while they do not agree with the government's arguments that a permanent injunction would not be proper here, they do not object to the entry of a final judgment on the terms described in the motion.

Dated: June 27, 2025                         */s/ Nicole M. O'Connor*
                                             Nicole M. O'Connor
                                             Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 27, 2025                         */s/ Nicole M. O'Connor*
                                             Nicole M. O'Connor
                                             Assistant United States Attorney