IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DEPARTMENT OF ENERGY, *et al.*,<br><br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:25-cv-10912-ADB<br>)<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT**

Pending before the Court is the Defendants' Unopposed Motion for Entry of Final Judgment, in which Defendants seek entry of final judgment, while fully reserving their right to appeal. After reviewing the motion, the record, and the applicable law, the Court is of the opinion that the motion should be **GRANTED**.

For reasons stated in this Court's Memorandum and Order on Plaintiffs' motion for a preliminary injunction, Doc. No. 62, the Court finds that this Court has jurisdiction over Plaintiffs' claims, and that the Court of Federal Claims does not have exclusive jurisdiction over Plaintiffs' claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). The Court also concludes that Plaintiffs have demonstrated success on the merits of their Administrative Procedure Act claims that the Department of Energy's issuance of Policy Flash 2025-22: Adjusting Department of Energy Grant Policy for Institutions of Higher Education[1] ("Policy Flash 2025-22") on April 11, 2025: (1) departed from negotiated cost rates in violation of 2 C.F.R. § 200.414; (2) was arbitrary and capricious; and (3) was impermissibly retroactive. Compl. Counts I, IV, and VI, Doc. No. 1.

---

[1] *See* Decl. of Berta Schreiber, Exh. A, Doc. No. 48-1.

The Court further concludes, as stated in its Memorandum and Order, that nationwide relief is appropriate and that the remedy is "vacatur of the rule and its applicability to all who would have been subject to it." Doc. No. 62 at 47. Accordingly, the Court concludes that entry of final judgment is appropriate.

Therefore, it is hereby **ORDERED**:

1. The Court has subject matter and personal jurisdiction over this action and the Parties.

2. Venue is proper before this District.

3. For the reasons stated in this Court's Memorandum and Order on Plaintiffs' motion for preliminary injunction, Doc. No. 62, judgment is entered in favor of the Plaintiffs on Count I (illegal departure from negotiated cost rates in violation of 2 C.F.R. 200.414), Count IV (arbitrary and capricious), and Count VI (retroactivity) of their Complaint against the Department of Energy and Chris Wright, in his official capacity as Secretary of the Department of Energy.

4. Pursuant to 5 U.S.C. § 706(2), the Court VACATES, in its entirety, Policy Flash 2025-22. The Court DECLARES that Policy Flash 2025-22 (1) departed from negotiated cost rates in violation of 2 C.F.R. § 200.414; (2) was arbitrary and capricious; and (3) was impermissibly retroactive.

5. As vacating Policy Flash 2025-22 moots Plaintiffs' remaining claims, Counts II, III, and V of Plaintiffs' Complaint are dismissed without prejudice.

This is an appealable Final Judgment. It is **SO ORDERED**.

Signed this 30th of June, 2025.

                                        /s/ Allison D. Burroughs
                                        ALLISON D. BURROUGHS
                                        UNITED STATES DISTRICT JUDGE