**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-10912-ADB |
| DEPARTMENT OF ENERGY, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY
ON AAU'S ELIGIBILITY TO RECOVER FEES UNDER THE EQUAL ACCESS TO
JUSTICE ACT**

**I.      INTRODUCTION AND RELIEF REQUESTED**

As detailed and justified in the DOE's Opposition to Association of American Universities' Motion for Attorneys' Fees and Costs pursuant to the Equal Access to Justice Act, filed contemporaneously, the DOE respectfully requests leave of this Court to conduct limited discovery into the Association of American Universities' ("AAU") eligibility to receive its requested EAJA award.  In seeking attorney fees under the Equal Access to Justice Act, Doc. No. 78, AAU has not submitted sufficient evidence to prove that the fees are being paid or will be paid by an entity eligible for EAJA fees, contending merely that AAU is "responsible" for the fees.  Indeed, public tax records, when compared to the fees AAU has claimed "responsibility" for, suggest it is unlikely that AAU solely funded the litigation from its general operating funds. The Department of Energy ("DOE") seeks to determine whether the fees are eligible for recovery under EAJA through limited discovery, targeted to determine whether AAU, or ineligible entities, financed the litigation.

1

## II.    ARGUMENT

"EAJA is designed to 'encourage relatively *impecunious* private parties to challenge abusive or unreasonable governmental behavior by relieving such parties of the fear of incurring large litigation expenses.'"  *Sierra Club v. Sec. of Army*, 820 F.2d 513, 516–17 (1st Cir. 1987) (citing *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1315–16 (8th Cir. 1986)) (emphasis added).  Although 501(c)(3) membership organizations can be eligible to recover EAJA fees, if there is an "agreement by any of [the association's] members to pay the costs of . . . litigation," then the association may not recover fees based on its own eligibility under EAJA. *See National Ass'n of Mfrs. v. Dep't of Labor*, 159 F.3d 597, 603 (D.C. Cir. 1998).  In that situation, the party whose eligibility is considered for purposes of EAJA fees is the party that ultimately pays the costs of the litigation.  *See id.* (discussing the "real party in interest doctrine" for purposes of EAJA eligibility).  This "real party in interest doctrine" "may properly extend to an ineligible non-party (such as an association member) who pays the fees of a party (such as an association)."  *Id.*

Where, as here, the government challenges EAJA eligibility, "the court generally requires the plaintiff to provide supporting materials."  *Norager v. United States*, No. 22-135, 2024 WL 3717448, at *3 (Fed. Cl. Aug. 8, 2024).  AAU has submitted a declaration stating only "AAU was responsible for all Plaintiffs' attorneys' fees and costs for this litigation."  Snyder Dec., Doc. 78-1 ¶ 3.  That falls far short of the declaration considered in *National Association of Manufacturers v. Department of Labor*, that swore "[t]here was no agreement by any of [the Association's] members to pay the costs of [the] litigation," and that fees "would have been paid out of the association's general operating budget."  *National Ass'n of Mfrs. v. Dep't of Labor*, 159 F.3d 597, 603 (D.C. Cir. 1998).  Because the materials AAU has provided to date do not

prove the litigation was funded by an eligible entity, discovery into eligibility is warranted. *See id.* (noting that whiling litigating an EAJA motion, the government could seek discovery "calculated to unearth financing or control of the litigation by individual members of the association").

Discovery is especially warranted here given the difference between AAU's reported cash on hand at the end of 2024 and the payments amounts for which it claims responsibility. According to the most recent publicly available tax data, AAU had $2,570,599 in cash on hand at the end of 2024. Doc. No. 84-2 at 12. However, AAU also indicates that it paid its attorneys more than twice that amount – at least $6,331,043.78 – across the four indirect cost cases in the past year and for which AAU has sought fees under EAJA.[1] Additional information is needed.

The DOE is nonetheless mindful of the Supreme Court's admonition that "a request for attorney's fees should not result in a second major litigation," *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Hum. Res*, 532 U.S. 598, 609 (2001). Accordingly, the DOE requests leave to propound to AAU two interrogatories tailored to discover whether AAU, or other entities, have funded this litigation. The proposed interrogatories are:

1. For all funds used to pay for fees and costs in *AAU v. Energy* that did not come from ordinary dues payments (a) identify the source of those funds, including any subset of

---

[1] Doc. No. 78-4 (listing Jenner & Block's total bill at $674,808.50); Doc. No. 78-5 at 2–13 (cumulatively listing Clement and Murphy's total bill as at least $424,450); Doc. No. 90-3 at 16, *AAU v. NSF*, No. 1:25-cv-11231 (D. Mass. June 20, 2025) (listing Jenner & Block's total bill at $1,251,201.78); Doc. No. 90-5 at 1–5, *AAU v. NSF*, No. 1:25-cv-11231 (D. Mass. June 20, 2025) (cumulatively listing Clement and Murphy's total bill as at least $67,612.5); Doc. No. 98-4 at 28, *AAU v. DOD*, 1:25-cv-11740 (D. Mass. Oct. 10, 2025) (listing Jenner & Block's total bill at 1,921,415.75); Doc. No. 98-5 at 2–11, *AAU v. DOD*, 1:25-cv-11740 (D. Mass. Oct. 10, 2025) (cumulatively listing Clement and Murphy's total bill as at least $131,486); Doc. No. 108-3 at 12, *AAU v. HHS*, No. 1:25-cv-10346 (D. Mass. Mar. 5, 2025) (listing Jenner & Block's total bill at $1,147,925.50); Doc. No. 108-5 at 2–11, *AAU v. HHS*, No. 1:25-cv-10346 (D. Mass. Mar. 5, 2025) (cumulatively listing Clement and Murphy's total bill as at least $712,143.75).

AAU member(s) and any non-members that provided the funds and (b) disclose the arrangement(s) or terms under which funds were provided.

2. Identify all agreements, plans, or other arrangements for AAU members or non-members to provide or to potentially provide funds to reimburse AAU for the fees and costs in *AAU v. Department of Energy*, including the identity of the person or entity with whom AAU has the agreement, plan, or other arrangement, and the terms of the agreement, plan, or other arrangement.

The DOE's interrogatories are aimed at determining who financed the litigation for which AAU now seeks recovery.  It may well be AAU, but, to date, AAU has failed to provide proof.

With the aim of avoiding formal discovery and this motion, the United States, via email, asked AAU discrete questions to better understand who has financial control of the litigation. AAU proffered that it paid the fees and costs but refused to provide additional information. AAU took the position that the answers to the proposed interrogatories are irrelevant and opposes leave to serve them.

## III.   CONCLUSION

The DOE respectfully requests that the Court grant its Motion for Limited Discovery and give leave of Court for the United States to propound the two interrogatories above.

*<Signature on following page>*

4

Dated: May 20, 2026

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

LEAH B. FOLEY
United States Attorney

KIRK T. MANHARDT
Director

MARC S. SACKS
Deputy Director

/s/ *Zachary Semple*
Zachary C. Semple, D.C. Bar 1778723
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 353-5555

Email: Zachary.C.Semple@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: May 20, 2026                                    /s/ *Zachary Semple*
                                                       Zachary C. Semple
                                                       Trial Attorney